861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry A. LAMSON, Plaintiff-Appellant,
v.
The FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellee.
 No. 88-3050.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, RONALD E. MEREDITH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Perry Lamson, appeals the grant of a summary judgment to Firestone Tire and Rubber Company (Firestone) in this Title VII sex discrimination lawsuit. 42 U.S.C. Sec. 2000e-2. The district court concluded that even if it is assumed that plaintiff could establish a prima facie case, the defendant had articulated a non-discriminatory basis for its decision to discharge and plaintiff failed to demonstrate that such basis was pretextual. We agree and affirm.
 
 I.
 
 2
 Lamson worked in security for Firestone from 1968 until his discharge in April of 1986. The discharge was an outgrowth of a complaint of sexual harassment filed against him by a secretary, Jacqueline Chandler, who worked in the Firestone legal department. The complaint included allegations that Lamson had tried to fondle her breasts and had exposed himself to her. Lamson at first denied any involvement with Chandler, but later indicated that whatever occurred between them was on a consensual basis.
 
 
 3
 On appeal, Lamson argues vigorously that the defendant failed to properly investigate the complaint against him and, for all practical purposes, simply took Chandler's word against his. Assuming Lamson's characterization of these events to be true, we are unable to see how it results in an actionable claim under Title VII. What plaintiff has done is to blend a variety of general concepts running through employment discrimination law and attempt to selectively apply them to these facts.
 
 
 4
 First, Firestone is a private not a public employer. Thus, plaintiff's references to such concepts as due process and equal protection are simply misplaced. Second, Title VII is a civil rights and not a labor law statute. Lamson's firing may have been the most unjust in the history of industrial labor relations, but that is not the concern of Title VII. We do not look to fairness in the abstract but, rather, to discriminatory intent or impact. Third, this is a case in which sexual harassment is involved and sexual harassment is within the purview of Title VII. Meritor Savings Bank, F.S.B. v. Vincent, 477 U.S. 57 (1986). However, plaintiff is the alleged perpetrator rather than the victim, and the mere incantation of the phrase "sexual harassment" is not meaningful in this context.
 
 
 5
 The only handle plaintiff has on a Title VII sex discrimination claim stems from the fact that he is male and the complainant was female. Although this is a necessary starting point, one cannot end there. It is not that it is impossible to construct a Title VII claim on this foundation, but plaintiff has failed to do so. If an employer had a demonstrable practice or policy of always accepting the word of females, ipso facto, as opposed to males, this might ground a claim for sex discrimination. But there is nothing to show that such is the case here. By and large whatever, if anything, took place between Lamson and Chandler occurred when only the two of them were present. Firestone thus had to make a credibility determination as between the two.[1] Although there was not much external evidence to help resolve the issue, Firestone's investigation showed that Chandler's co-workers did notice that Lamson seemed to display extra interest in her, and also, Lamson's supervisor indicated that there were past complaints about Lamson that had sexual overtones.
 
 
 6
 Lamson seems to argue that since whatever they did was consensual, they both should have been fired or disciplined in some lesser, uniform manner. The problem with this argument, however, is that the company had a right to believe Chandler's version of what occurred and even if they were wrong, sex discrimination was not a factor in its decision-making process.
 
 
 7
 Plaintiff also would have us place great emphasis on the fact that after his discharge, an unemployment compensation hearing referee denied his claim for benefits, but in the course of reaching that decision indicated that plaintiff's wrongful conduct involved consensual acts. From this plaintiff argues that "full faith and credit" must be given to that conclusion and it becomes the "law of the case." There are two problems with this argument. First, since the hearing referee found that plaintiff's conduct was wrongful and that he was not entitled to unemployment benefits, the question of whether the wrongful conduct was consensual or not was not relevant to the decision. Second, the plaintiff again pursues a faulty premise, i.e., that if his version of what occurred is correct, he is entitled to Title VII relief. As we stated earlier, the question is not whether Firestone's investigation resulted in the correct decision being reached, but whether the decision reached was a product of discrimination based on sex. Finding the record to be devoid of evidence supporting this proposition, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation
 
 
 [1]
 The case of Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986), is distinguishable. In Duchon, the co-workers involved admittedly had a consensual sexual relationship. The company had elected to discharge only the lower ranking female employee. Although the company offered reasons for its action, this court did not feel the issue of pretext could be resolved, under the facts presented, in a summary judgment proceeding